IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DIAUNTE SHIELDS,

          Petitioner,                        OPINION AND ORDER

    v.                                             11-cv-327-wmc
                                                   07-cr-7-wmc

UNITED STATES OF AMERICA,

          Respondent.

---

    Petitioner Diaunte Shields' Motion to Vacate is again before the court on remand from the Court of Appeals for the Seventh Circuit under 28 U.S.C. § 2255. *Shields v. United States*, No. 14-2042 (June 29, 2016). (Dkts. #23, 24.) For the reasons that briefly follow, the court will grant Shields' motion and set this matter for resentencing.

RELEVANT BACKGROUND

    On May 11, 2007, Shields pleaded guilty to one count drug-trafficking in *United States v. Shields*, 07-cr-7-jcs (W.D. Wis.). Due to the quantity of crack cocaine involved and his prior felony convictions for manufacture of crack cocaine, Shields was sentenced on July 25, 2007, to 290 months, which was near the middle of the applicable advisory guideline range.

    On April 22, 2014, this court denied Shields' § 2255 motion. (Dkt. #5.) In doing so, the court rejected Shield's argument that his trial attorney was ineffective in failing to raise the defense from *Kimbrough v. United States*, 552 U.S. 85 (2007), which held that district courts had the discretion to consider whether the disparate sentencing ratio (100:1)

1

between crack and powder-cocaine offenses warranted a lower sentence. The court first concluded that the decision not to raise the *Kimbrough* defense was not the type of objectively deficient performance that would warrant relief. (*Id.* at 11-12.) In reaching this conclusion, the court relied on an affidavit from Shields' trial attorney who he stated that he decided not to raise the argument at sentencing because he thought such an argument may adversely affect Shield's sentence. Even assuming that his attorney was ineffective, the court further reasoned that Shields failed to make the requisite showing that the mistake would have changed his sentence.

The court noted in particular that Shields' criminal record, and "not necessarily the quantity or type of the cocaine involved," had the greatest impact on his sentence. (*Id.* at 13.) In fact, the record indicated "that it was defendant's career-offender status that drove his sentence, not the guideline range for crack cocaine." (*Id.*) In denying relief under § 2255, however, the court granted Shields a certificate of appealability and invited the Seventh Circuit or United States Supreme Court to reach a different result, given the enactment of the Fair Sentencing Act of 2010 just two months after the United States Supreme Court declined to grant Shields relief on appeal.

On appeal, the Seventh Circuit vacated this court's decision in a brief order. The order suggested that § 2255 relief may be available because: (1) the Supreme Court had already granted certiorari in *Kimbrough* more than a month before Shields' sentencing; (2) the Seventh Circuit affirmed his sentence on direct appeal in part for his failure to challenge the extreme disparity between the sentencing guidelines for distribution of crack

and powder cocaine; (3) it appeared that Shields wished to preserve that argument prior to his sentencing hearing, which his counsel chose to disregard; and (4) the disparity issue pending in *Kimball* could dramatically affect Shields' guideline range. *See Shields v. United States*, No. 14-2042, dkt. #24 (June 29, 2016). The court found "it particularly troubling that his Federal Defender did not preserve the argument, against the backdrop of the Supreme Court's grant of certiorari in a high-profile case with such clear relevance to Shields' situation." *Id.* at 3. Without expounding further on the prejudice prong of the *Strickland* analysis, the Seventh Circuit remanded for further factual development as to "whether the district court credited Shields' claims regarding his conversations with trial counsel." *Id.* at 4. Now pending in this court is Shields' Amended Motion to Vacate. (Dkt. #31.)

OPINION

Based on the new information provided by Shields' Federal Defender on remand consistent with the Seventh Circuit's mandate, this court now agrees that petitioner's sentence should be vacated. Specifically, in a new affidavit, Shields' Federal Defender acknowledges that he failed to revisit the *Kimbrough* argument after the United States Supreme Court granted *certiorari* not as a matter of strategy, but because "he just did not think about it." (*Id.* at # 31-1, at 2.) The government disputes neither the veracity of Shields' statements about his originally asking his counsel to challenge the guideline disparity for crack powder cocaine, nor counsel's statements about his initial refusal to raise the issue, *and* subsequent failure to revisit that decision after *cert* was granted in *Kimbrough*.

3

Accordingly, the court credits both of their statements.

Still, the government continues to oppose resentencing on the ground that Shields has not made the requisite prejudice showing that would warrant § 2255 relief. At best the court can tell, the government's argument appears to be that Shields would have received the same sentence in 2007 with or without a challenge to the crack/powder disparity, especially since the Seventh Circuit did not find that *Kimbrough* applied to career offenders like petitioner for three more years in *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010). This may well be true, but that likelihood completely ignores the prejudice to Shields. By the simple failure to preserve the *Kimbrough* issue by formal objection at the time of sentencing, Shields' was denied the opportunity to be resentenced under the new guidelines, an opportunity of which thousands of other have been allowed to avail themselves since.

While the Seventh Circuit's order did not explicitly address the prejudice prong of the *Strickland* analysis, it did cite to *Government of Virgin Islands v. Forte*, 865 F.2d 59, 62-63 (3d Cir. 1989). In *Forte*, the Court of Appeals for the Third Circuit reversed denial of a § 2255 petition in which the petitioner argued that his attorney was ineffective for failure to object to the prosecution's apparently unjustified preemptory strikes of minority members of the jury panel, even though the Supreme Court had already granted *certiorari* in *Batson v. Kentucky*, 476 U.S. 79 (1986)). In addressing the prejudice prong of the *Strickland* analysis, the Third Circuit assumed that the result would not have been different had the objection been preserved at trial, *but* found that because the result would have

4

likely been different on appeal, the petitioner was nonetheless prejudiced. *Id.* at 64 ("While we realize that ordinarily the *Strickland* principles are advanced when the contention is made that the trial cannot be relied upon to have produced a just result, we see no logical reason why they should not be applicable when the defendant was denied a just result on appeal because of the ineffectiveness of his attorney at the trial."). Certainly, the Seventh Circuit's reliance on the Third Circuit's *Forte* decision suggests the same result here, regardless of whether the prejudice would have manifested itself on direct appeal or, as here, on collateral attack. Either way, Shields is entitled to be resentenced under a new guideline range. Accordingly, his § 2255 motion now will be granted.

ORDER

IT IS ORDERED that:

(1) Diaunte Shields' amended motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 (dkt. #31) is GRANTED.

(2) This matter is set for resentencing on May 4, 2017, at 1:00 p.m., with the Presentence Report due March 31, and objections due April 14.

Entered this 28th day of February, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge